**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 96-50291
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

STEVE RICHARD SHOCKEY,

Defendant-Appellant.

Appeal from the United States District Court
For the Western District of Texas
(A-95-CV-390)

December 18, 1996

Before JONES, DeMOSS and PARKER, Circuit Judges.

PER CURIAM:[*]

Pursuant to a plea agreement, Steve Richard Shockey ("Shockey"), #60947-080 was convicted on his guilty plea of possession with intent to distribute cocaine in violation of 21

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

1

U.S.C. § 841 (a)(1) and using and carrying a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c). Shockey was sentenced to 106 months' imprisonment, five years' supervised release, a $25,000 fine and a $100 special assessment.

Shockey did not seek a direct appeal from his conviction and sentence; however, proceeding *pro se*, Shockey filed a motion pursuant to 28 U.S.C. § 2255. Shockey argued that he was denied his right to appeal and court-appointed counsel was ineffective for failing to file a direct appeal, as well as alleging several substantive errors.

The magistrate judge recommended that Shockey's § 2255 be denied, finding that Shockey waived his right to appeal because he failed to pursue his appeal after the district court informed him of his appellate rights. Further, the magistrate judge found that counsel was not ineffective because Shockey failed to establish that he was prejudiced by his counsel's performance, as he could have filed a *pro se* notice of appeal or obtained new counsel to file an appeal but failed to do so. After conducting a *de novo* review, the district court adopted the magistrate judge's recommendation and denied Shockey's motion.

DISCUSSION

2

On appeal,[1] Shockey argues, *inter alia*, that counsel was ineffective for failing to file a direct appeal. A criminal defendant has a constitutional right to effective assistance of counsel in his first appeal as of right. *See Evitts v. Lucey*, 469 U.S. 387, 393-95 (1985). The failure of counsel to perfect an appeal upon request of his client may constitute ineffective assistance of counsel. *See United States v. Gipson*, 985 F.2d 212, 215 (5th Cir. 1993). A defendant is entitled to relief if he directed his attorney to take an appeal and counsel disregarded those instructions. *Id.* at 216-17. If the defendant has been informed of his right to appeal and does not make known to his attorney his desire to pursue an appeal, he has waived that right, and a claim of ineffective assistance of counsel will not lie. *Id.* Failure by the attorney to file a notice of appeal does not automatically evidence a denial of a defendant's rights. *Id*. at 217 n.7.

Shockey alleged that he requested that counsel file a notice of appeal but counsel refused, stating that Shockey had waived his right to appeal. The district court determined that, although Shockey alleged that he requested counsel to file an appeal and counsel refused, Shockey was adequately advised at the

---

[1]Assuming, without deciding, that the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, 1220-21 (1996), requires a "certificate of appealability," in this case, it clearly merits a such a certificate.

rearraignment and sentencing hearings of his appellate rights. The district court did not make a specific factual finding with regard to whether Shockey requested that his attorney file a notice of appeal.

The record reveals that Shockey was informed of his right to appeal by the district court at sentencing. The court also notified Shockey of his right to appeal *in forma pauperis.* The district court advised Shockey of the time limit for filing a notice of appeal, and the court referred to a letter from the court which specifically outlined Shockey's appellate rights.

However, we cannot determine from the record whether Shockey in fact instructed his counsel to file an appeal.[2] If Shockey did request an appeal, counsel was obliged to preserve his right to appeal. *See Chapman v. United States*, 469 F.2d 634, 636 (5th Cir. 1972).

A district court may deny a § 2255 motion without a hearing or further proceedings "only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992). The record in this case does not demonstrate conclusively that Shockey is not entitled to relief.

---

[2]Shockey submitted a letter for the first time on appeal from counsel in support of his position. When a party produces on appeal evidence never presented in any form to the district court, this court will not admit the evidence. *Leonard v. Dixie Well Service & Supply Inc.*, 828 F.2d 291, 296 (5th Cir. 1987).

4

Shockey argues on appeal that the district court erred by failing to conduct an evidentiary hearing on his ineffective assistance claim. Shockey's allegation that counsel failed to file a notice of appeal was sufficient to trigger the district court's obligation to hold an evidentiary hearing. *See Chapman*, 469 F.2d at 636-37. "With regard to resolution of factual issue in a Section 2255 case, this Court has held that contested fact issues ordinarily may not be decided on affidavits alone, unless the affidavits are supported by other evidence in the record." *United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. Unit B 1981).

CONCLUSION

Based on the foregoing, we vacate the dismissal of Shockey's § 2255 motion and remand this case to the district court for an evidentiary hearing to determine whether "there has been an actual or constructive complete denial of any assistance of appellate counsel." *See Lombard v. Lynaugh*, 868 F.2d 1475, 1480 (5th Cir. 1989). We pretermit consideration of Shockey's remaining claims pending a determination on remand whether Shockey is entitled to an out-of-time appeal. *See Mack v. Smith*, 659 F.2d 23, 26 (5th Cir. Unit A 1981).

If Shockey proves his claim on remand, Shockey's judgment of conviction should be reinstated on the district court's docket. The time for Shockey to file a notice of appeal shall run from that

date. *See id.* If the district court determines that Shockey is not entitled to an out-of-time appeal, the court should reinstate its judgment denying Shockey's § 2255 motion. *See id.* Then, if Shockey chooses to appeal, this Court may review his remaining claims. *See id.*

VACATED and REMANDED.